UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re                                               :        Chapter 13

IRWIN JACOBOWITZ
PEARL H. JACOBOWITZ                                 :

        Debtors                          :        Bankruptcy No. 05-15009F

..............................................

ORDER

..............................................

AND NOW, this 14th day of July, 2005, upon the letter request of these chapter 13 debtors for leave to appeal in forma pauperis from this court's order dated June 24, 2005, which order granted Mr. Amrit Lal relief from the automatic stay,

And the debtors further request that this court authorize, without payment by the debtors, the reproduction of a transcript of the hearing on the lift stay motion as well as a transcript of an earlier motion of debtors' counsel to withdraw,[1]

And the debtors cite no authority for the relief they seek, nor do they attach any verified statement of their financial circumstances. See In re Dawley, 2005 WL 67078, at *3 (E.D. Pa. 2005) (discussing the requirement of a specific verified statement concerning the appellant's financial status)

And 28 U.S.C. § 1915(a) may allows for in forma pauperis relief,

And courts are divided whether a bankruptcy court has the power to grant in forma pauperis status. Compare, e.g., In re Perroton, 958 F.2d 889 (9th Cir. 1992) (no such power exists); In re Bauckey, 82 B.R. 13 (Bankr. D.N.J. 1988) (same) with, e.g., In

---

[1]The motion by debtors' counsel to withdraw was itself withdrawn, and the debtors were represented by this attorney during the lift-stay hearing.

re Stansbury, 226 B.R. 360 (Bankr. E.D. Pa. 1998) (bankruptcy courts have such power); In re Brooks, 175 B.R. 409 (Bankr. S.D. Ala. 1994) (same); In re Shumate, 91 B.R. 23 (Bankr. W.D. Va. 1988) (same),

And I shall accept the debtors' implicit assertion that such relief under section 1915(a) may be granted because this court is a unit of the district court, who has referred this case for resolution pursuant to 28 U.S.C. § 157. "As 'units of the district court' pursuant to 28 U.S.C. § 151, authority flows to the bankruptcy courts from the district courts through the order of reference. Bankruptcy judges' authority to deal with IFP motions is derived from this 'flow down' jurisdictional scheme." In re Brooks, 175 B.R. at 412; see In re Lassina, 261 B.R. 614 (Bankr. E.D. Pa. 2001),[2]

And, in applying section 1915(a), courts have generally held that an appellant must be financially eligible for in forma pauperis relief. See, e.g., In re Brooks, 175 B.R. at 413; In re Lassina, 261 B.R. at 618-19. I note that the debtors' bankruptcy schedules disclose that they own real property worth $245,000.00 secured by liens totaling only $126,776.79. Their schedules also disclose monthly income exceeding expenses by $255.00. Thus, it would appear that the debtors have financial resources that they can use to prosecute their appeal,

---

[2]This "flow down" jurisdictional scheme has been applied in another context. It is accepted that a bankruptcy court has no authority to render an advisory opinion. See, e.g., Coffin v. Malvern Federal Sav. Bank, 90 F.3d 851 (3d Cir. 1996). Since the "case or controversy" clause of the Constitution is found in Article III, but as bankruptcy judges are not Article III judges, it has been held that this jurisdictional constraint flows from the bankruptcy court being a unit of the district court. In re Kilen, 129 B.R. 538, 542 (Bankr. N.D. Ill. 1991).

And, in addition, the appellants must demonstrate a possibility for success on appeal— that is, that their appeal is not frivolous—for a motion under section 1915(a) to be granted. See Jackson v. Dallas Police Dept., 811 F.2d 260 (5th Cir. 1986):

> To proceed on appeal in forma pauperis, a litigant must be economically eligible, and his appeal must not be frivolous. . . . Probable success on the merits need not be shown. The court only examines whether the appeal involves "legal points arguable on their merits (and therefore not frivolous)."

Id., at 261 (citations omitted); see, e.g., In re Winslow, 133 B.R. 532 (D. Colo. 1991); United States v. Slater, 96 F.R.D. 53 (D. Del. 1982); In re Burrell, 150 B.R. 369 (Bankr. E.D. Va. 1992); see generally Coppedge v. United States, 369 U.S. 438, 444 (1962) (discussing section 1915(a) in the context of a criminal appeal),

And for reasons discussed in the order of June 24th, a month-to-month tenant, such as these debtors, cannot prevent the termination of the bankruptcy stay in favor of the lessor. See, e.g., Floyd v. Clark, 266 B.R. 61 (E.D. Pa. 2001). Furthermore, there was a prepetition state court eviction order that is presently on appeal. The state court system is the appropriate forum to resolve the parties' dispute. Thus, I cannot conclude that this appeal serves any purpose other than to further delay the state court eviction process,

And not only have these debtors not demonstrated their entitlement to in forma pauperis status, but such status would not, by itself, entitle the debtors to receive a transcript at the expense of the government. See Denmon v. Runyon, 1994 WL 590906, at *1 (D. Kan. 1994),

And such relief is governed by 28 U.S.C. § 753(f), which provides in a civil matter such as this, in relevant part:

3

> Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question).

Accord Walker v. People Exp. Airlines, Inc., 886 F.2d 598, 601 (3d Cir. 1989); In re Dawley, 2005 WL 67078, at *3,

Thus, for the debtors here to obtain such a transcript at government expense, not only must the issue on appeal not be frivolous, but it must also "present a substantial question." See, e.g., In re Dawley, 2005 WL 67078, at *3; Denmon v. Runyon, 1994 WL 590906, at *1; Tryon v. Baldridge, 1989 WL 13354, at *1 (D.D.C. 1989),

And the order from which these debtors have appealed granted relief from the automatic stay to the lessor based upon the documents offered in evidence, the entry of a state court judgment in eviction that was on appeal at the time the bankruptcy case commenced, and my legal conclusion that an individual lessee cannot use chapter 13 to extend the term of their lease,

And I cannot fairly certify that the issue on this appeal "presents a substantial question." Therefore, it is hereby ordered the debtors are not entitled to receive free transcripts under 28 U.S.C. § 753(f).[3]

---

[3] It is not readily apparent to me that the transcript of the hearing on debtors' counsel's withdrawn motion to withdraw would be germane to their appeal. Moreover, the hearing on the motion to terminate the stay contains mostly testimony offered by both the lessor and lessee more relevant to their contentions in state court than to the bankruptcy issues involved under section 362(d).

Accordingly, the debtors' letter request for <u>in</u> <u>forma</u> <u>pauperis</u> status and for copies of free transcripts is denied.

*[signature: Bruce Fox]*

_____
BRUCE FOX
United States Bankruptcy Judge

copies to:

Mr. Irwin Jacobowitz
Mrs. Pearl H. Jacobowitz
P.O. Box 175
Exton, PA 19341

Lawrence S. Rubin, Esq.
337 West State Street
Media, PA 19063-2615

Mr. Amrit Lal
P.O. Box 1944
West Chester, PA 19380

William C. Miller, Esq.
Chapter 13 Trustee
111 S. Independence Mall
Suite 583
Philadelphia, PA 19106